Reversed and Rendered and Memorandum Opinion filed December 9, 2008








 

Reversed
and Rendered and Memorandum Opinion filed December 9, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00404-CV

____________

 

CLEAR LAKE CITY WATER AUTHORITY, Appellant

 

V.

 

FRIENDSWOOD DEVELOPMENT COMPANY,
LTD.,
Appellee

 



 

On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 06-63998

 



 

M E M O R A N D U M   O P I N I O N 








This
case arises from a contract dispute between a water authority and a development
company. When the development company brought suit asserting breach of
contract, the water authority asserted governmental immunity from suit.  The
trial court denied the water authority=s plea to the jurisdiction, and this
court affirmed the trial court=s ruling in an interlocutory appeal.  In the instant appeal the
water authority challenges the trial court=s summary judgment in favor of the
development company.  Concluding that this case is governed by a recent
decision of another panel of this court, we reverse the trial court=s judgment and render judgment that
the development company take nothing.








The
factual and procedural background of this case is set forth in this court=s opinion in the prior interlocutory
appeal by appellant Clear Lake Water Authority (the AAuthority@).  See Clear Lake City Water
Auth. v. Friendswood Dev. Co., Ltd., 256 S.W.3d 735, 738B40 (Tex. App.CHouston [14th Dist.] 2008, pet.
filed).  In its second issue,[1]
the Authority asserts that governmental immunity deprives the trial court of
subject-matter jurisdiction in this suit. Appellee Friendswood Development
Company, Ltd. (AFriendswood Development@) asserted in its
motion for summary judgment that governmental immunity had been waived by two
statutes, incorporating the same arguments that it made in opposition to the
Authority=s plea to the jurisdiction.  The Authority responded
with arguments substantially similar to those it had made in its plea to the
jurisdiction.  The issues regarding governmental immunity are the same as those
in the prior interlocutory appeal in this case.[2]  See id.
at 740B51.  Absent (1) a decision from a
higher court or this court sitting en banc that is on point and contrary to the
prior panel decision or (2) an intervening and material change in the statutory
law, this court is bound by the prior holding of another panel of this court. See
D=Arcy v. Mead, No. 14-04-01220-CV, 2006 WL
2165733, at *3  (Tex. App.CHouston [14th Dist.] Aug. 1, 2006, pet. denied) (mem. op.); City
of Webster v. City of Houston, No. 14-04-00353-CV, 2005 WL 913813, at *1
(Tex. App.CHouston [14th Dist.] Apr. 19, 2005, no pet.) (mem. op.); United States
v. Treft, 447 F.3d 421, 425 (5th Cir. 2006).  Because there is no such
decision or intervening change in the statutory law, this court is bound by the
decision in the prior interlocutory appeal.  See Clear Lake City Water Auth.,
256 S.W.3d at 740B51.  Consistent with this court=s prior decision, we overrule the
Authority=s second issue.

In its
third issue, the Authority asserts that, as a matter of law, the ASales Agreement
and Lease of Facilities@ (the AAgreement@) did not obligate
the Authority to submit Friendswood Development=s reimbursement
proposition to the voters in more than one bond election.  Though the
developers were
different, the terms of the Agreement are in all material respects the same as
the terms of the Authority=s agreements with the three developers in Clear Lake City
Water Authority v. Kirby Lake Dev., Ltd.  See CS.W.3dC,C, No. 14-08-00013-CV, 2008 WL
3062234, at *1B2 (Tex. App.CHouston [14th Dist.] Aug. 7, 2008, no pet. h.) (hereinafter AKirby Lake case@).  This court=s holding in the Kirby Lake  case
is on point, and there are no court decisions or intervening changes in the
statutory law that would change the analysis.  See D=Arcy, 2006 WL 2165733, at *3; City of
Webster, 2005 WL 913813, at *1; Treft, 447 F.3d at 425.  Therefore,
this court is bound to follow the holding in the Kirby Lake case.  See
Kirby Lake Dev., Ltd., 2008 WL 3062234, at *3B4 (holding that, as a matter of law,
the agreements with the Authority obligated the Authority to place the measure
only on the next ballot after the effective date of the agreements). 
Consistent with this holding, we sustain the Authority=s third issue, reverse the trial
court=s judgment, and render judgment that
Friendswood Development take nothing against the Authority.[3] 


 

/s/      Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum
Opinion filed December 9, 2008.

Panel consists of
Justices Anderson, Frost, and Hudson.*









[1]  The Authority has withdrawn its first issue.





[2]  As in the interlocutory appeal, the Authority did
not raise in the trial court any ground that governmental immunity applied
based on Friendswood Development=s
alleged failure to satisfy section 271.153(a)(1) of the Local Government Code. 
See Tex. Loc. Gov=t
Code Ann. '' 271.152B.153 (Vernon 2005); Clear Lake City Water Auth.,
256 S.W.3d at 747 n.14. In response to Friendswood Development=s motion for summary judgment asserting that
governmental immunity had been waived under section 271.152 of the Local
Government Code, the Authority did not assert any ground based on section
271.153(a)(1).  See Tex. Loc. Gov=t
Code Ann. '' 271.152B.153.

 





[3]  Therefore, we need not address the fourth through
twelfth issues.





*  Senior Justice J. Harvey Hudson sitting by
assignment.